**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4013**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

SHAQUILA MONTEZ BUMPASS,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00102-WO-1)

_____

Submitted: July 29, 2014        Decided: July 31, 2014

_____

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan Leonard, Winston-Salem, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaquila Montez Bumpass appeals the 147-month sentence imposed by the district court following her guilty plea to conspiracy to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1)(A) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Bumpass' counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Bumpass' sentence is substantively reasonable. Although informed of her right to do so, Bumpass has not filed a supplemental brief. We affirm.

We review Bumpass' sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we conclude that the sentence is procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d

2

325, 328 (4th Cir. 2009). Here, the record reveals no procedural or substantive error in Bumpass' sentencing.

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bumpass, in writing, of her right to petition the Supreme Court of the United States for further review. If Bumpass requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bumpass. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED